[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13181

Non-Argument Calendar

_____

BLONDELL GARNER CLARK,

Plaintiff-Appellant,

versus

IBM,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02834-TWT

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In November of 2019, the district court dismissed Blondell Garner Clark's ERISA lawsuit against IBM for failure to exhaust administrative remedies. Ms. Clark, proceeding *pro se*, now appeals the district court's denial of her post-judgment motion for a new trial, which she filed in August of 2021. She argues that the district court ignored "evidence" that she presented with her complaint and therefore should be granted a new trial.

A court is permitted to grant a new trial following a jury or nonjury trial based on insufficiency of evidence. *See* Fed. R. Civ. P. 59(a); *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 521 (11th Cir. 2019). A motion to grant a new trial must be filed "no later than 28 days after the entry of judgment." *See* Fed. R. Civ. P. 59(b). Here there was no trial, so Rule 59(a) could not provide Ms. Clark with any relief.

To the extent that Ms. Clark sought to alter or amend the district court's judgment under Rule 59(e), that motion was untimely. A motion to alter and amend must likewise be filed within 28 days of the judgment, and Ms. Clark filed her motion almost two years after the district court dismissed her complaint.

A court is permitted to relieve a party or its legal representative from a final judgment, order, or proceeding if there is newly discovered evidence that could not have been discovered in time

21-13181                Opinion of the Court                3

to move for a new trial under Fed. R. Civ. P. 59(b).  *See* Fed. R. Civ. P. 60(b)(2); *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  A motion of relief from a judgment, however, must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1). As noted, Ms. Clark's motion was filed more than a year after the dismissal of her complaint, so it was untimely even if it was filed under Rule 60(b).

The district court properly denied Ms. Clark's post-judgment motion.  We therefore affirm.

**AFFIRMED**